ACE INDUSTRIES, INC. *vs.* DOCO INSULATION CO.
WALTER DOBBING *et al. d.b.a.* DOCO INSULATION CO. *vs.*
ACE INDUSTRIES, INC.

APRIL 4. 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   These counter actions of the case in assumpsit on a written contract and on the common counts were tried together before a justice of the superior court sitting without a jury.   In the case of Ace Industries, Inc. v. Doco Insulation Co. he rendered a decision for the plaintiff in the sum of $3,812.30, and in the case of Walter Dobbing et al. d.b.a. Doco Insulation Co. v. Ace Industries, Inc. he found for the defendant.   Hereinafter the parties will be referred to as Ace and Doco respectively.   An examination of the papers shows that Doco did not prosecute a separate bill of exceptions to the decision for defendant in its action against Ace.   The only bill of exceptions presently before us is by Doco in the action brought by Ace.   Therefore the Doco case is not properly in this court.

The sole question raised by Doco under its bill of exceptions relates to the disallowance of certain credits claimed by Doco in arriving at the net balance of a running account between the parties.   Generally speaking, the evidence shows that on March 25, 1949 Ace, of Youngstown, Ohio, a jobber in aluminum storm windows, entered into a written contract with Doco, of Saylesville in this state, whereby the latter became Ace's distributor for Rhode Island and adjacent territory.   Subject to certain adjustments the contract was terminated, apparently by mutual consent, in the following September at which time the running account for various shipments of windows by Ace to Doco showed that an undisputed balance of $5,230.68 was due to Ace.

The question presently before us is the amount of credit

that should have been allowed to Doco for work performed in repairing 625 admittedly defective windows. Whether the defects, which were of a minor character, were corrected after all such windows were installed, or whether some were repaired before and some after installation was the subject of conflicting evidence. It is clear that the defects in each window could be corrected in three quarters of an hour if the required work were done before the window was installed, and in two and one-quarter hours if done after installation. It is undisputed that $1.50 an hour was· a reasonable charge for such work.

Doco's testimony in substance was that it became aware of defects in the windows through complaints from its customers after it had installed almost all the windows in the first shipment from Ace in May 1949; that it promptly notified Ace; and that while corresponding about the defects, it received in June a second shipment of equally defective windows which it installed as they came from Ace in order to keep the business of customers. Doco therefore contended that it was entitled to a credit for repairing each of the 625 windows, which comprised the two aforementioned shipments, on the basis of work performed after the windows had been installed.

On the other hand, the testimony for Ace was to the effect that upon receipt of notification that there were defective windows in the May shipment it instructed Doco to repair them at its expense with material that it would supply on request without charge; and that shortly thereafter, apparently about the time of the June shipment, it sent one of its men to Rhode Island to show Doco how to correct the defects in question. It is clear that Ace's man did come to Doco's place of business early in June for the indicated purpose and that the necessary material to repair the defects was then available to Doco upon request before further installations were made.

In his decision the trial justice, after fairly reviewing the conflicting evidence, expressed himself as follows: "I don't

believe that the second shipment was put on houses and subsequently taken down, corrected and reinstalled. That doesn't make sense." Our examination of the record shows that the conflicting evidence was reasonably open to different and opposite conclusions, especially since the credibility of witnesses was involved. The trial justice had the opportunity, which we do not have, of seeing and hearing them while testifying. In the circumstances it was reasonable for him to find that Doco was entitled to a credit of two and one-half hours at the rate of $1.50 an hour for work done in repairing each of the windows in the May shipment, and of only three quarters of an hour at the same rate for correcting those in the June shipment. As we cannot say that the decision was clearly wrong it will stand under our well-settled rule.

For the reason stated at the outset of this opinion, the case of Walter Dobbing et al. d.b.a. Doco Insulation Co. v. Ace Industries, Inc. is remitted to the superior court for entry of judgment for the defendant on the decision.

In the case of Ace Industries, Inc. v. Doco Insulation Co. the defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

*Francis J. O'Brien,* for Ace Industries, Inc.

*Coffey, Ward, Hoban & Reed, Matthew E. Ward,* for Doco Insulation Co.